UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CATHERINE THERIAULT )<br>*Plaintiff*, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, et al, )<br>*Defendants*. ) | 3:18-CV-00081 (KAD)<br><br><br><br><br><br>July 22, 2020 |

**ORDER RE: DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY (ECF NO. 40)**

Kari A. Dooley, United States District Judge

Before the Court is Defendant United States of America's Motion to Preclude Plaintiff Catherine Theriault's late-disclosed experts from offering expert testimony at trial. Absent objection by the Plaintiff and for the following reasons, the motion is GRANTED.

**Procedural History**

On October 9, 2018, the parties submitted their Rule 26(f) Report. (ECF No. 13). On October 10, 2018, upon reviewing the Rule 26(f) Report, the Court adopted the report as the Scheduling Order. (*See* ECF No. 14). Plaintiff was required to designate all trial experts by April 1, 2019. (ECF No. 13 at 5). On June 10, 2019, the Court extended the deadline for designating Plaintiff's experts to July 1, 2019. (*See* ECF No. 17 at 2; ECF No. 18). On April 13, 2020, the parties filed a joint motion for extension of time, which included a request to allow Plaintiff until May 8, 2020 to designate all trial experts. (ECF No. 31 at 2). Before the Court ruled on the motion, on April 17, 2020, Plaintiff disclosed seven of her treating physicians as expert witnesses. (*See* ECF No. 40-2 at 1–2). However, after conducting a telephonic conference on April 21, 2020, the Court granted the April 13, 2020 motion to reopen discovery in part, reopening discovery for the sole purpose of taking the depositions of Dr. Patrick Duffy, who performed an independent

medical examination of Plaintiff, and Dr. Michael Kaplan, the Plaintiff's treating orthopedic surgeon. (ECF No. 39). On April 30, 2020, Defendant filed the instant Motion to Preclude Plaintiff's late disclosed experts from offering expert testimony at trial.[1] The Plaintiff did not oppose the motion.

**Discussion**

Rule 26(a)(2)(D) provides that a "party must make [expert witness] disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Additionally, the Court may, "on motion and after giving an opportunity to be heard[,] impose other appropriate sanctions . . . ." FED. R. CIV. P. 37(c)(1)(C); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) ("[T]he plain text of the rule provides that if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions.").

On the question of precluding expert testimony, courts should consider several factors, to include: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). The Court cannot assess the first and second of these factors because the Plaintiff did not respond to the motion to preclude. Further, the Court finds that the government would be prejudiced or, to

---

[1] Previously, on May 1, 2020, this Court granted the instant motion in part to allow Plaintiff to designate Dr. Kaplan and Defendant to designate Dr. Duffy on or before May 21, 2020. (*See* ECF No. 43). This Order does not alter or amend the Court's May 1, 2020 Order.

avoid such prejudice, the case would be substantially delayed, if the Court were to permit the expert testimony at issue. Finally, it is well-established that "[t]his Court has the authority to manage its docket by, among other things, setting and enforcing deadlines." *Caporaso v. Donnelly*, No. 3:16-CV-00521(SALM), 2019 WL 3886726, at *4 (D. Conn. Aug. 19, 2019) (granting motion to preclude expert testimony where plaintiff provided notice of proposed expert witnesses more than two years after the deadline without explanation, defendants did not have an opportunity to depose the experts, and the case was set for trial in six weeks).

**Conclusion**

For the foregoing reasons, Defendant's Motion to Preclude is GRANTED as to all experts disclosed by Plaintiff on April 17, 2020, with the exception of Dr. Kaplan.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of July 2020.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE